20-3842-cv
*Weiss v. David Benrimon Fine Art LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
  RAYMOND J. LOHIER, JR.,
  EUNICE C. LEE,
    *Circuit Judges.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/2021
```

SIDNEY N. WEISS,

  *Appellant*,

ALEJANDRO DOMINGO MALVAR EGERIQUE,

  *Plaintiff*,                              20-3842-cv

  v.

DAVID BENRIMON FINE ART LLC, DAVID
BENRIMON, LINDA BENRIMON, AKA LINDA ROSEN,
PIEDMONT CAPITAL LLC, AVICHAI ROSEN,

  *Defendants-Appellees*,

EZRA CHOWAIKI,

  *Defendant.*[*]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

CERTIFIED COPY ISSUED ON 12/28/2021

| | |
|---|---|
| **FOR APPELLANT:** | TYLER MAULSBY, Frankfurt Kurnit Klein & Selz PC, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | LUKE W. NIKAS (Maaren A. Shah, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 24, 2020, order of the District Court be and hereby is **VACATED** insofar as it ordered Sidney N. Weiss to pay sanctions of $20,000 to David Benrimon Fine Art LLC, Linda Benrimon, David Benrimon, Piedmont Capital LLC, and Avichai Rosen, and the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

Plaintiff through his lawyer Weiss alleged that he in 2015 consigned an artwork by Picasso to an art gallery operated by Ezra Chowaiki. In 2017, Piedmont Capital LLC ("Piedmont"), on behalf of David Benrimon Fine Art LLC ("DBFA"), loaned $300,000 to Chowaiki's gallery, which wrongfully pledged as collateral Plaintiff's Picasso. The loan was to be repaid in 30 days with $50,000 interest. When Chowaiki's gallery failed to pay, DBFA took Plaintiff's Picasso.

The District Court sanctioned Weiss for signing a pleading that contained two claims. First, it held that Weiss without "articulable legal or factual basis" certified a pleading alleging that all of the appellees were in the business of collecting usurious debts in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") based only on the single loan from Piedmont to Chowaiki's gallery. App'x 640. Second, it held that Weiss "reckless[ly]" certified a pleading alleging that DBFA and its affiliates fraudulently failed to disclose a Shtar Ikso, a document that, according to Plaintiff, made Chowaiki and Piedmont 50%-50% equal partners in connection with the loan. *Id.* Weiss appeals from this sanctions ruling. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.

We reject Weiss's procedural argument. Rule 11(c)(2) of the Federal Rules of Civil Procedure contains a 21-day "safe harbor period." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012). It requires that a motion for sanctions be served, and that this motion "must not be filed or be presented to the court if the challenged paper,

2

claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

We have not reversed a district court's award of sanctions despite the moving party's "failure to adhere to the procedural requirements of Rule 11" and its safe harbor where "there [was] no indication that [the sanctioned party] would have corrected or amended its frivolous arguments even had it been given the opportunity." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002). By contrast, we have reversed a Rule 11 sanctions award where "the record indicate[d] that [the sanctioned party] would have withdrawn or appropriately corrected his misstatements, thus avoiding sanctions altogether." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995) (internal quotation marks omitted).

Here, although the time from service to filing was shorter than 21 days, Weiss clearly refused to change his position. Weiss responded to the served sanctions motion before it was filed, stating "we are not withdrawing the first amended complaint or case" and that the appellees' "Rule 11 motion lacks any merit." App'x 499. While the appellees did not send Weiss their accompanying motion-to-dismiss brief, this was not required. *Star Mark*, 682 F.3d at 176 (holding that Rule 11 "does not require the service of a memorandum of law or affidavits"). And we see no basis in law for Weiss's proposal that "a court must assess whether the recipient of a Rule 11 motion had sufficient time to consider his options before deciding whether to withdraw or amend the allegedly frivolous pleading." Weiss's Br. 29. Thus, the sanctions order was not procedurally improper.

## II.

We agree with Weiss that the District Court erred, or "abused its discretion," *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (alteration and citation omitted), by sanctioning him for bringing Plaintiff's RICO unlawful debt collection claims while alleging only one usurious loan. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 102 (2d Cir. 2015) ("We review all aspects of a District Court's decision to impose sanctions for abuse of discretion." (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir.1999)).

A court may sanction counsel for signing pleadings whose legal theories are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); *see also id.* 11(c). "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend . . . the law as it stands." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990). "The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). The inquiry is one of "objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) (citation omitted).

3

The District Court reasoned that it was frivolous to allege that the appellees were involved in "the business of" making usurious loans based on "a single allegation of a single usurious transaction." App'x 640. In analyzing these claims, the District Court relied on our opinion in *Durante Bros. & Sons v. Flushing Nat. Bank*, 755 F.2d 239 (2d Cir. 1985). There, the district court dismissed some of the plaintiff's RICO claims before trial on statute of limitations grounds. *Id.* at 242. We vacated the judgment in part and remanded those claims, reasoning that the district court had applied the wrong statute of limitations. *Id.* at 248–49. We noted regarding the proceedings on remand that the remaining RICO claims "were adequately pleaded," but that "the complaint did not unequivocally allege that the defendants were in the business of making usurious loans." *Id.* at 249–50. We further stated that the requirement under RICO that the defendant act "in connection with 'the business of' making usurious loans seems aimed at . . . the exclusion from the scope of the statute of occasional usurious transactions by one not in the business of loan sharking," and that "the target of RICO is not sporadic activity." *Id.* at 250 (alterations and citation omitted).

These statements in *Durante* were dicta. Only the statute of limitations issue was before us. *See id.* at 248–49. Our comments regarding the requirement that a RICO defendant act in "the business of" making usurious loans were "not essential to the decision." *Jimenez v. Walker*, 458 F.3d 130, 142 (2d Cir. 2006). Indeed, we said as much, "leav[ing] for determination by the district court in the first instance the precise parameters of 'the business' of usury as intended by Congress." *Durante*, 755 F.2d at 250. Thus, *Durante* "[is] not and cannot be binding" on this issue, and only its "persuasiveness" is considered. *Jimenez*, 458 F.3d at 142.

Weiss made colorable arguments supporting a broader standard than the one suggested in *Durante*. Most significantly, he cited a district court case that rejected the appellees' argument that "one loan cannot constitute a 'business.'" *Middle States Knowlton Corp. v. Esic Cap., Inc.*, Nos. 82-CV-1911, 82-CV-1912, 82-CV-1913, 82-CV-1926, 82-CV-1941, 1985 WL 7441, at *8 (D.D.C. Oct. 16, 1985) ("Even if the loan were the sole consummated transaction which [the defendant] undertook, we believe that [the defendant] was in the 'business' of lending money for profit."). Weiss also advanced various statutory arguments, and cited the New York Court of Appeals' treatment of a comparable state statute.

"'However faulty,' [Weiss's] positions 'were not so untenable as a matter of law as to necessitate sanction.'" *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000) (alteration and citation omitted). Indeed, "[t]he mere fact that" a court in a different jurisdiction agreed with Weiss "is enough, in the absence of controlling authority to the contrary, to support a good faith argument for extension . . . of existing law." *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 831 (2d Cir. 1992). Thus,

4

we hold that it was error to sanction Weiss for bringing Plaintiff's RICO unlawful debt collection claims while alleging only one usurious loan.[1]

### III.

We reject Weiss's argument that the District Court erred or abused its discretion in sanctioning him for alleging that the appellees committed fraud on the court by failing to disclose the Shtar Ikso. A court may sanction an attorney for signing a pleading that fails to comply with the requirement that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3); *see also id.* 11(c).

The Amended Complaint alleged that the appellees caused Piedmont's verified petition, submitted in Chowaiki's criminal case, to "omit the *Shtar Isko*, which shows that [Chowaiki and Piedmont] were actually 50%-50% equal partners – and not unrelated bona fide purchasers for value." App'x 145. The Parties agree that a Shtar Isko is a document "which creates a partnership between the [Jewish] borrower and [Jewish] lender in order to avoid a religious prohibition against the charging of interest." *Arnav Indus., Inc. Emp. Ret. Tr. v. Westside Realty Assocs.*, 579 N.Y.S.2d 382, 383 (1st Dep't 1992).

The District Court found that Plaintiff's claim was "factually inaccurate" and "careless[]." App'x 641. It pointed to a Note between Piedmont and Chowaiki, which was attached to Piedmont's petition in Chowaiki's criminal case. This Note states that payments would be made "in accordance with Heter Iska." App'x 325. The District Court concluded that this text "disclose[d] the existence of the Shtar Isko." App'x 641.

The District Court did not abuse its discretion by adopting "a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Even assuming Weiss is correct that a Shtar Isko is a document while Heter Iska is a concept, it is "plausible in light of the record viewed in its entirety" that the Note's reference to Heter Iska disclosed the existence of the Shtar Isko. *United States v. Gonzalez*, 764 F.3d 159, 165 (2d Cir. 2014) (citation omitted). The District Court thus did not err in concluding that Weiss was "reckless[]" in signing a pleading that claimed that the failure to disclose the Shtar Isko was "part of the continuing fraud." App'x 145, 640.

---

[1] Weiss challenges only the District Court's conclusion that he advanced a frivolous legal argument. We thus take no position on whether sanctions were appropriate based on his claims' lack of "factual basis." App'x 640 (noting Weiss's "attempt[] to string out this one [loan] into four separate causes of action that implicate all six Defendants," including while "lack[ing] even conclusory allegations").

5

## IV.

The District Court characterized its "decision to impose sanctions" as "*in large part*[] due to the Complaint's overstep in asserting four RICO claims for collection of unlawful debt against all six Defendants in this action, based on allegations of a single usurious loan." App'x 642 (emphasis added). It is not apparent that the District Court would have ordered Weiss to pay $20,000—or anything at all—based solely on his signing a pleading with reckless factual claims. Accordingly, we vacate the April 24, 2020, order imposing sanctions and remand the cause for further proceedings. *See Salovaara v. Eckert*, 222 F.3d 19, 34–35 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons, we **VACATE** the April 24, 2020, order of the District Court insofar as it ordered Sidney N. Weiss to pay sanctions of $20,000 to David Benrimon Fine Art LLC, Linda Benrimon, David Benrimon, Piedmont Capital LLC, and Avichai Rosen, and we **REMAND** the cause to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*[Signature: Catherine O'Hagan Wolfe]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[Signature: Catherine O'Hagan Wolfe]*

6